**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jill Ann Alexander, | No. CV11-02465-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Michael J. Astrue, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff has filed a motion for attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Doc. 18. The motion is fully briefed. Docs. 18-20. No party has requested oral argument. For the reasons that follow, the Court will grant the motion and award Plaintiff fees in the amount of $6,870.90.

**I.    Background.**

An administrative law judge ("ALJ") denied Plaintiff's application for social security benefits at step four of the five-step evaluation process, finding that Plaintiff's residual functional capacity ("RFC") did not preclude her from performing her past work as a financial sales representative, educational course sales representative, customer service representative, food service manager, waitress, and bartender. This decision became Defendant's final decision when the Appeals Council denied review. Plaintiff brought this action for judicial review pursuant to 42 U.S.C. § 405(g). The Court remanded the case to Defendant for further proceedings.

## II. Discussion.

"The EAJA creates a presumption that fees will be awarded to prevailing parties." *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995). Plaintiff is a prevailing party because this matter was remanded pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g). *See* Doc. 16; *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001) ("An applicant for disability benefits becomes a prevailing party for purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded."); *Flores*, 49 F.3d at 567 ("If the district court enters judgment reversing and remanding under sentence four, then the claimant must apply for fees within 30 days of the date the judgment becomes final."). The Court should award reasonable attorney fees and costs under the EAJA unless Defendant shows that its position with respect to the issue on which the district court based its remand was "substantially justified." 28 U.S.C. § 2412(d)(1)(A); *see Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002).

### A. Was Defendant's Position Substantially Justified?

Under the EAJA, "substantial justification" means that "'the government's position must have a reasonable basis in law and fact.'" *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008) (quoting *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998)). "Where, as here, the ALJ's decision was reversed on the basis of procedural errors, the question is *not* whether [Defendant's] position as to the merits of [Plaintiff's] disability claim was substantially justified. Rather, the relevant question is whether [Defendant's] decision to defend on appeal the procedural errors committed by the ALJ was substantially justified." *Id.* (emphasis in original).

Defendant argues that its decision to defend the ALJ's position is substantially justified because the Commissioner prevailed on eight of the nine issues raised by Plaintiff in her appeal (Doc. 19 at 4-5),[1] and the Court found no explicit error in the

---

[1] Since the Court directed the ALJ to consider Plaintiff's newly submitted evidence on remand (Doc. 16 at 21), Plaintiff argues it also prevailed on this issue

- 2 -

ALJ's determination, instead finding that the ALJ's determination was "inconclusive." (Doc. 19 at 5).

At step four of the evaluation, Plaintiff had the burden of showing that she could no longer perform her past relevant work. *Lewis*, 281 F.3d at 1083 (citing *Pinto v. Massanari,* 249 F.3d 840, 844 (9th Cir. 2001)). The ALJ was required to examine Plaintiff's "residual functional capacity and the physical and mental demands" of Plaintiff's past relevant work. *Id.* The medical records were inconclusive as to the amount of rest Plaintiff requires for her right arm, and the ALJ failed to determine how much rest Plaintiff's right arm would require. Doc. 16 at 20. The ALJ also failed to ask the vocational expert whether there would be any jobs in the national economy that Plaintiff could perform if she required 15 to 30 minutes of rest but was not limited to sedentary work. The ALJ thus did not determine if Plaintiff's required rest would disqualify her for non-sedentary work. *Id.*

The Court finds that Defendant's decision to defend the ALJ's position on step four did not have a reasonable basis in law and fact because the ALJ must make factual findings to support the conclusion that Plaintiff's RFC precluded her from performing her past relevant work. The ALJ failed to "fully and fairly develop the record and to assure that the claimant's interests are considered," *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (quotations and citations omitted), and the Commissioner was not substantially justified in defending the inconclusive record. Defendant's "'defense of basic and fundamental errors such as the ones in the present case' lacked substantial justification." *Shafer*, 518 F.3d at 1071-72 (quoting *Corbin*, 149 F.3d at 1053).

**B.     Is the Amount of the Requested Fee Award Reasonable?**

Plaintiff's counsel has filed an affidavit and an itemized statement of fees showing that he worked 38.5 hours on this case, incurring fees and costs of $6,870.90. Doc. 18-4 at 1-6. Defendant does not dispute the reasonableness of the requested fee award.

---

(Doc. 20 at 2-3). The Court did not, however, remand because of the newly submitted evidence, and thus this issue was not a basis for the Court's decision to remand.

Doc. 19. Having reviewed counsel's affidavit and the statement of fees, and having considered the relevant fee award factors, *see Hensley v. Eckerhart*, 461 U.S. 424, 429-30 & n.3 (1983), the Court finds the requested fee award reasonable. The Court will grant Plaintiff's motion and award her $6,870.90 in attorney's fees and costs.

### C.  Is the Award Assignable to Plaintiff's Counsel?

Plaintiff assigned her right to any EAJA award to Plaintiff's counsel. Docs. 18-7 at 2. Defendant argues an EAJA award is payable only to a prevailing plaintiff, and that awarding fees to Plaintiff's counsel pursuant to the assignment would violate the Anti-Assignment Act ("the Act"), 31 U.S.C. § 3727. Doc. 19 at 6-7.

In *Astrue v. Ratliff*, the Supreme Court interpreted § 2412(d) and held that EAJA fees are payable to litigants and thus subject to offset where a litigant has outstanding federal debts. 130 S. Ct. 2521, 2527 (2010). The Supreme Court noted that although the government had a history of paying EAJA awards directly to attorneys in certain cases, in 2006 it discontinued that practice, making direct payments to the attorneys "only in cases where the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney." *Id.* at 2529 (quotations and citations omitted). Since *Ratliff*, district courts in other circuits have ordered fees paid directly to counsel so long as the government is afforded an opportunity to offset any preexisting debt owed by the plaintiff, and the plaintiff has assigned all rights in the fee award to counsel. *See Meyer v. Astrue*, 2011 WL 4036398, at *3 (D. Minn. 2011). In this case, Plaintiff has assigned all rights to any EAJA award to counsel (Doc. 18-7 at 2), and Plaintiff's counsel submits that he has verified with the U.S. Treasury Department that Plaintiff does not owe any debt to the United States (Doc. 18 at 4; Doc. 18-6).

The Anti-Assignment Act ("the Act") precludes the assignment of certain claims against the United States unless the government waives the Act's requirements. 31 U.S.C. § 3727. Under the Act, an assignment is permissible only (1) after a claim is allowed, (2) when the amount has been decided, and (3) when a warrant for payment of the claim has been issued. 31 U.S.C. § 3727(b). Plaintiff's assignment was executed on

October 1, 2012, well before any EAJA claim was allowed or the amount decided. Doc. 18-7 at 2-3. Since this assignment runs afoul of the Act, and the government does not appear to waive the Act's provisions, the Court finds that the assignment is invalid as contrary to the Anti-Assignment Act. The Court will not order that the fees be paid to Plaintiff's counsel.

**IT IS ORDERED:**

1. Plaintiff's motion for attorney fees (Doc. 18) is **granted**.

2. Plaintiff is awarded **$6,870.90** in attorney fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 28th day of November, 2012.

David G. Campbell
United States District Judge